IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES PATRICK CHENEY
a/k/a PATRICK CHENEY,

      Plaintiff,

      vs.                                                                       No. 15-CV-00296 WJ/SCY

FARMINGTON MUNICIPAL SCHOOLS,
et. al.

      Defendants.

## ORDER REMANDING CASE TO STATE COURT
## FOR LACK OF SUBJECT MATTER JURISDICTION

THIS MATTER comes before the Court following the Court's inquiry into whether subject matter jurisdiction exists over this case, *see* Court's Order to Show Cause, Doc. 18, and the parties responses.

Plaintiff is suing Defendants for his termination from employment from the Farmington, New Mexico public school system. As noted in the Court's Order to Show Cause, Defendants removed this case to federal court asserting federal question as the basis for subject matter jurisdiction. The Court's review of the complaint (Doc. 1-2) left some question as to whether such jurisdiction existed. The Court specifically noted that while Counts I and II, alleging false arrest and malicious prosecution, may be asserted as federal and state claims, the complaint contained "no reference to federal jurisdiction of any kind." Doc. 18 at 2. Also, the wrongful termination claim in Count IV asserted a violation of the "substantive procedural rights accorded to New Mexico teachers who have been employed with the school district for three consecutive

years . . . ." Doc. 1-2, ¶ 50. As the Court noted, this claim made "no reference to due process violations under either §1983 or the federal constitution." Doc. 18 at 3.

Plaintiff responded to the Court's Order to Show Cause stating that none of the alleged claims are premised on either the federal constitution or other federal statute, and that his allegations of due process violations are based on state law only. Defendants have the burden of proving that federal question jurisdiction exists. *State Farm Mutual Automobile Ins. Co. v Narvaez,* 149 F.3d 1269, 1271 (10th Cir. 1998) (burden of proving jurisdiction is on party asserting it). They contend that removal was based in part on a reasonable reading of Count VI in the complaint, in which Plaintiff seeks injunctive relief and asserts that his termination was ". . . based on false allegations and bad motives and violated plaintiff's due process rights." Doc. 1-2, ¶ 56. Defendants contend that even though Plaintiff was alleging deprivation of a property right created by state law, the Fourteenth Amendment of the U.S. Constitution may be invoked to protect those property interests. This is an accurate statement of the law, but it still begs the question of whether this particular complaint, based on the "well-pleaded complaint" rule, appears to assert a due process violation under the *federal* constitution as opposed to state law or the state constitution. *See Caterpillar v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Defendants claim that a reading of Count VI coupled with the allegations in Count III, would reasonably infer that Plaintiff was asserting a federal due process claim. However, Count III is plainly premised only on an alleged violation of a state statute—the New Mexico Personnel Act, NMSA §22-10A-24(A).

Defendants point out that Plaintiff's response to Defendants' motion to dismiss (Doc. 6) contains references to §1983 case law, and the Court notes further that Plaintiff had gone as far

2

as to state in his response to Defendants' motion to dismiss that for his wrongful termination claim in Count IV, he had alleged "violations of state and *federal law* and the Constitution, making the discharge definitionally [sic] wrongful." Doc. 10 at 5 (emphasis added).  This would seem to be inconsistent with Plaintiff's response to the Court's Order to Show Cause in which Plaintiff states that he is not alleging any federal claims.  At the same time, the Court would also note that notwithstanding Defendants' removal to this Court on the basis of federal jurisdiction, Defendants' motion to dismiss requested dismissal of Plaintiff's entire complaint, yet none of the arguments addressed any of Plaintiff's claims on a federal basis.  Give that the complaint itself was so devoid of references to federal jurisdiction, it is not surprising that Defendants may not have wanted to address claims they were not sure had been asserted by Plaintiff.  However, Defendants cannot have it both ways by removing a case based on a federal question basis and then moving to dismiss all claims in a complaint without mention of a federal claim in that complaint.

     Last, Defendants contend that they had a reasonable basis to believe that Plaintiff intended Counts I and II (false arrest and malicious prosecution) to be brought as constitutional torts rather than under state law because there is no waiver of Defendants' sovereign immunity for those claims under the New Mexico Tort Claims Act, NMSA §41-4-1 et seq.  This explanation is sheer speculation.  Tort claims do not become federal constitutional claims when it is determined that there is no waiver of sovereign immunity.

     The Court finds that the confusion in this case may be a result of misplaced strategy on both sides:  Plaintiff dodging against dismissal of his state law claims by generically stating that he was asserting federal claims in addition to state claims; and Defendants deciding to remove

this case to federal court, but then taking a step back by avoiding any discussion of federal claims when filing a motion to dismiss.

Federal courts are courts of limited jurisdiction. *Bender v. Willamsport Area School Dist.*, 475 U.S. 534, 541(1986); *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001). The guide for the Court here is the complaint itself, and after having reviewed counsel's submissions, the Court is convinced that its initial conclusion is correct: the face of the complaint does not assert a basis for federal jurisdiction.

**THEREFORE,**

**IT IS ORDERED** that this case is hereby REMANDED to the Eleventh Judicial District Court, County of San Juan, State of New Mexico, based on this Court's lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall take the necessary steps to effectuate this Order remanding case to state court.

_____
UNITED STATES DISTRICT JUDGE